**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.                                    Case No. 3:91-cr-222(S3)-J-32HTS

SANDRA DOLLINGER

_____

                           **O R D E R**

     This cause is before the Court on Defendant Dollinger's Motion to Reopen Detention Hearing (Doc. #406; Motion), filed on March 21, 2008.  The United States' Response in Opposition to Defendant's Motion to Reopen Detention Hearing (Doc. #412; Opposition) was filed on April 7, 2008.

     As acknowledged by Defendant, *see* Motion at 3, by statute a detention hearing can be reopened "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of" a defendant.  18 U.S.C. § 3142(f)(2).  Thus, unless the Motion is based on the existence of material information not known to Defendant at the time of the detention hearing held in Arizona on February 15, 2008, *see* Transcript of Proceedings (Tr.), attached as Exhibit 2 to the Opposition, it should be denied.

According to Ms. Dollinger, "[t]he Order of Detention entered by Magistrate Judge Voss . . . shows that he based his finding that [she] posed a risk of flight on the contents of the Pretrial Services Report prepared in that district." Motion at 3.  In turn, that report allegedly states "that Dollinger used the alias 'Kay Orentlicher', and . . . that Dollinger altered her fingerprints to avoid detection." *Id.* at 4.

In his Order of Detention, Judge Voss did adopt certain "findings of the Pretrial Services Agency[.]" Exhibit 4 to the Opposition.  The Court has examined the referenced Pretrial Services Report and notes that it discusses both the employment of an alias and fingerprint alteration as possibilities, not as certain facts.  Moreover, Defendant presents no new information, material or otherwise, with regard to her use of an alias.[1]  And whereas she submits a recent report bearing on whether she altered her fingerprints, it does not appear this consideration was a material factor in the decision to detain her.  Aside from the tentative discussion in the Pretrial Services Report, it must be realized that at the hearing, Judge Voss heard testimony that it was unknown whether Defendant's prints had been intentionally altered.  Tr. at 38-39.  Finally, in the judge's detailed explanation of why he believed the United States had met its burden

---

[1]      Defendant denied to Pretrial Services (and thus the court was aware of her position) that she ever used an alias.

of demonstrating a risk of flight by a preponderance of the
evidence, he said nothing about fingerprints. *See id.* at 53-54.
To the contrary, he pointed to the lack of a "Social Security
number[;] . . . tax returns[;] . . . ownership of anything,
automobiles, homes, real estate[; and] driver's licenses." *Id.* at
53. He determined Defendant's "knowledge of this prosecution at
least seems rather obvious if [she had been] talking indirectly
with [her] brother who's incarcerated as a result of this
prosecution[.]" *Id.* Without resorting to speculation regarding
fingerprint alteration, or use of an alias for that matter, Judge
Voss "easily" concluded a preponderance of the evidence shows Ms.
Dollinger poses a flight risk. *Id.* at 54. Viewed in context, it
cannot be found the new fingerprint information is material.

Additionally, Defendant asserts her "health has deteriorated
since the original detention hearing. Her feet, ankles, and wrists
show visible signs of swelling, and she needs medical attention she
is not receiving at the holding facility." Motion at 4. The
government observes that, "[w]hile problems with her health may be
manifesting themselves in a new manner, Dollinger's health issues
were addressed by her attorney during the detention hearing."
Opposition at 6 (citing Tr. at 43-44). Ms. Dollinger's entitlement
to receive needed medical care while in custody is of course a
matter of serious concern to the Court, and the government does not
dispute her right to appropriate treatment. *See id.* at 7 n.5.

- 3 -

However, under the circumstances, the Court is not of the opinion Defendant's health status warrants reopening of the detention hearing.  Counsel shall ensure the United States Marshals Service is made aware of any perceived inadequate medical treatment and, if problems persist, the matter may be made the subject of a future motion directed to that issue.

Finally, Defendant mentions the possibility of obtaining a local apartment and lists several potential third-party custodians in addition to the one proposed at her detention hearing.  *See* Motion at 4-6.  There is no reason to think this information was unknown at the time of the original hearing.  Indeed, the Motion characterizes as inexplicable the fact "Theodore Miller was the only witness called by the defense at the detention hearing." *Id.* at 5 n.7.  At that proceeding, the defense chose to rely on the suitability of Mr. Miller.  The hearing will not now be reopened simply to afford a further opportunity to suggest potential custodians or living situations.

In light of the foregoing, it is hereby

**ORDERED**:

The Motion (Doc. #406) is **DENIED**.

**DONE  AND  ORDERED** at Jacksonville, Florida, this 10th day of April, 2008.

/s/          Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
      and pro se parties, if any